IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SANDRA B. BRADY § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-CV-01020- |
| § | SDJ-AGD |
| PLANO HOUSING AUTHORITY / K. § | |
| TEAGUE § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Plano Housing Authority's ("Defendant") Motion to Dismiss under Rule 41(b) (Dkt. #15). Having reviewed the Motion to Dismiss (Dkt. #15) and all other relevant pleadings, the Court finds that the Motion to Dismiss (Dkt. #15) should be granted.

Plaintiff Sandra B. Brady ("Plaintiff"), proceeding *pro se*, filed the instant lawsuit on December 1, 2022 (Dkt. #1). On December 4, 2023, Defendant Plano Housing Authority ("Defendant") filed a Motion to Dismiss under Rule 12(b)(6) (Dkt. #10). On June 28, 2024, several months after the deadline to respond, Plaintiff filed a Response to Defendant's Motion to Dismiss (Dkt. #12). On September 3, 2024, the Magistrate Judge entered a Report and Recommendation ("Report") recommending that Defendant's Motion to Dismiss under Rule 12(b)(6) be denied and that Plaintiff be ordered to amend her Complaint (Dkt. #13). On September 25, 2024, having received no objections to the Report, the Court entered a Memorandum Adopting in Part the Report and Recommendation of United States Magistrate Judge, wherein the court modified the Report to grant in part and deny in part Defendant's Motion to Dismiss under Rule 12(b)(6) and dismissed Plaintiff's Complaint without prejudice.

1

The Court ordered Plaintiff to file an amended complaint in a manner that complied with the pleading requirements of the Federal Rules of Civil Procedure by October 9, 2024 (Dkt. #14).

Plaintiff did not file an amended complaint as ordered. On October 10, 2024, Defendant filed a Motion to Dismiss under Rule 41(b).

A district court may dismiss an action for failure to prosecute or to comply with any court order. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); *see also* FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court abused its discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979) (citation omitted); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (citation omitted). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also sua sponte dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (citation omitted).

As discussed above, the Court ordered Plaintiff "to amend her complaint in a manner that complies with the pleading requirements of the Federal Rules of Civil Procedure" within fourteen days (Dkt. #14 at p. 2). She did not. The Court also advised that "[i]f Plaintiff fails to amend her pleading within fourteen days, Defendants may move for dismissal under Federal Rule of Civil Procedure 41." (Dkt. #14 at p. 2). Defendant filed its Motion to Dismiss under Rule 41(b) after the

expiration of the fourteen-day period for Plaintiff to replead (Dkt. #15). Plaintiff had fourteen days to file a Response to Defendant's Motion to Dismiss. She did not. Accordingly, the present case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute this case and comply with court orders. FED. R. CIV. P. 41(b); *see Isom v. Indio Mgmt. at the Everly*, No. 4:20-CV-947-SDJ-CAN, 2021 WL 5501786, at *2 (E.D. Tex. Oct. 20, 2021) ("The court recommends the instant suit be dismissed under Rule 41(b) for failure to comply with court Orders and to diligently prosecute."), *report and recommendation adopted*, No.4:20-CV-947-SDJ, 2021 WL 5493377 (E.D. Tex. Nov. 23, 2021).

It is therefore **ORDERED** that Defendant's Motion to Dismiss (Dkt. #15) is **GRANTED**, and Plaintiff's case is **DISMISSED without prejudice**.

**The clerk is directed to close this civil action.**

**So ORDERED and SIGNED this 14th day of April, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE